UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO M. BERNAL,<br><br>            Petitioner<br><br>      v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>            Respondents. | Case No. 8:22-cv-00010-DOC (GJS)<br><br>**ORDER: SUMMARILY DISMISSING PETITION; AND DENYING A CERTIFICATE OF APPEALABILITY** |

      On December 6, 2021, in Case No. 8:21-cv-02016-DOC (GJS) (the "First Case"), Petitioner filed a 28 U.S.C. § 2254 habeas petition with an attached memorandum of points and authorities and a "Motion for Modification of Sentence Pursuant to Panel Code Section 1202.4(b), (f)" (collectively, the "First Case Petition"). The "Motion" was duplicative of the two grounds for habeas relief alleged in the First Case Petition, which attacked the trial court's imposition of restitution obligations. As alleged in the First Case Petition, when Petitioner was sentenced, the trial court imposed restitution fines totaling $16,538.59. Petitioner appended copies of the April 18, 2001 Abstract of Judgment that issued in his state criminal case, which showed that the following two restitution fines were ordered: a restitution fine of $10,000 pursuant to California Penal Code § 1202.4(b); and a

restitution fine of $6,538.59 pursuant to California Penal Code § 1202.4(f), payable to the victim.

Ground One of the First Case Petition asserted that the trial court erred in imposing these restitution fines, because although it had found that Petitioner lacked the present ability to pay a particular sentencing-related cost, it failed to make a finding as to his ability to pay the restitution fines. Petitioner argued that under California law, including California Government Code § 13967, a trial court is required to determine a defendant's ability to pay before imposing a restitution obligation. Ground Two of the Petition essentially repeated Petitioner's Ground One arguments. Petitioner contended that the trial court "exceeded its statutory power" under the foregoing Government Code provision by imposing the restitution fines without first ascertaining his ability to pay them.

On December 20, 2021, the Court summarily dismissed the First Case Petition and denied a certificate of appealability. [*See* First Case Dkt. Nos. 5-6.] As the Court explained, when a habeas petition stems from a state court conviction, a federal court has jurisdiction to consider federal habeas relief only if the petitioner is "in custody pursuant to the" conviction challenged by the petition. 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(a) & (c)(3). The Supreme Court has made clear that, for federal jurisdiction to exist over a Section 2254 petition, the petitioner must be "in custody" "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*); *see also Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (same, and further observing that "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider'" (citation omitted)). The fact of a state prisoner's physical custody alone is insufficient to confer habeas jurisdiction; rather, jurisdiction exists only if there is a nexus between the petitioner's claim and the allegedly unlawful nature of the custody. *Id.* at 980. The Court concluded that the claims alleged in the First Case Petition could not be raised in federal habeas

review, because the federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. *See id.* at 977, 982 (affirming dismissal of state prisoner's habeas petition challenging a restitution obligation on the ground that the petitioner did not meet Section 2254's "in custody" requirement for jurisdiction); *see also id.* at 984 ("we hold that § 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order"); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (observing that, "[i]n general, courts hold that the imposition of a fine . . . is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement"); *Flores v. Hickman*, 533 F.Supp.2d 1068, 1085 (C.D. Cal. 2008) (trial court's imposition of restitution not cognizable on habeas review under Section 2254 because restitution order does not affect duration of custody).

Petitioner has not appealed the Court's December 20, 2021 Order and Judgment dismissing the First Case. Rather, on January 3, 2021, he instituted this new action by filing a nominally modified version of the First Case Petition, which was assigned Case No. 8:22-cv-00010-DOC (GJS) ("Second Case Petition"). In the Second Case Petition, Petitioner raises the same two habeas grounds he asserted in the First Case and attaches the same memorandum of points and authorities, exhibits, and prior "Motion" he attached to the First Case Petition. The only differences between the prior and current petitions are that the Second Case Petition has a more recent signature date, a slightly varied ordering of the same attached exhibits, and a copy of the Court's December 20, 2021 summary dismissal order in the First Case has been attached as a new exhibit. In all meaningful respects, the First Case Petition and the Second Case Petition are truly identical.

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition. Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading,

when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (every federal court has the inherent power "to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). A plaintiff must bring one action against a party or privies relating to the same transaction or event. *Adams v. Calif. Dep't of Health Services*, 487 F.3d 684, 693 (9th Cir. 2007). "District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal.'" *Id.* at 688 (citation omitted). The fact that a district court has identified defects in a first-filed action does not give a litigant the right to file a second lawsuit based upon the same facts. *Id.*; *see also Garza v. Unknown*, No. 1:08-cv-01307 GSA, 2009 WL 197528 (E.D. Cal. Jan. 27, 2009) (dismissing habeas petition on the ground it was duplicative when it sought to challenge same conviction challenged by earlier petitions that had been dismissed for failure to state a claim).

If Petitioner disagreed with the Court's conclusion that it lacked jurisdiction to consider the First Case Petition and its related December 20, 2021 Order and Judgment summarily dismissing the First Case, his remedy was to appeal, not simply turn around and re-file the case despite the fatal jurisdictional defect identified by the Court. This case, like the prior one, challenges only Petitioner's restitution obligations imposed by the state criminal court, and under clear precedent, there is no jurisdiction under 28 U.S.C. § 2254 to hear Petitioner's challenge. The Second Case Petition is facially defective, and may not be considered by this Court, for the same reasons identified in the Court's December 20, 2021 Order dismissing the First Case Petition, namely, lack of jurisdiction. Nothing has changed to make jurisdiction somehow arise when it was, and remains,

non-existent. As a result, summary dismissal of the current Second Case Petition is required by Rule 4 of the Habeas Rules.

Accordingly, IT IS ORDERED that: the Second Case Petition and the related "Motion" are DISMISSED; and Judgment shall be entered dismissing this action without prejudice.[1]

In addition, pursuant to Rule 11(a) of the Habeas Rules, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

DATED: January 12, 2022

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner's motion for the appointment of counsel [Dkt. No. 2] is DENIED. There is no reason to appoint counsel for a case in which the Court lacks jurisdiction, as Plaintiff previously was advised.